IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RICHARD J. KELLY and STELLA KELLY,

        Plaintiffs,

        vs.                          No. CIV 02-250 LH/RHS

ADVANTA CORPORATION, *et al.*,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Defendant Fleet Credit Card Services on Plaintiffs' Invasion of Privacy Claim (Docket No. 136), filed April 28, 2003. The Court, having considered the briefs submitted by the parties, and otherwise being fully advised, finds that Plaintiffs' motion is **not well-taken** and should be **denied.**

Plaintiffs move the Court for summary judgment against Fleet Credit Card Services ("Advanta/Fleet") on their invasion of privacy claim stemming from the parties' disagreement over an account. Plaintiffs claim that Advanta/Fleet invaded their privacy through excessive and harassing written and verbal communications. In support of their motion, Plaintiffs submit documentation of many, if not all, of the written correspondence, as well as a log of the telephone calls. Plaintiffs claim that there is no dispute that Plaintiffs did not owe the debt in question, and the sheer number and character of these letters and calls was an invasion of their privacy as a matter of law. Because a

defendant will be liable for invasion of privacy only if it acted intentionally, and if a reasonable person receiving such communications would strongly object to such conduct, Plaintiffs' claim must be resolved by a jury.

**Legal Standards**

Summary judgment should be granted forthwith "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52. A plaintiff moving for summary judgment has a higher burden than a defendant because he must show that there are no disputes as to any material fact for every element of the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

New Mexico has adopted the Restatement (Second) of Torts categorization of the torts of invasion of privacy, including the category of "intrusion or invasion of the plaintiff's private space or solitude." *Moore v. Sun Publ'g Corp.*, 118 N.M. 375, 382-83, 881 P.2d 735, 742-43 (N.M. Ct. App. 1994). "An actionable intrusion consists of an intentional interference with a person's interest in solitude or seclusion, either as to his persons or his private affairs or concerns....[so long as] the interference is a substantial one, of a kind that would be offensive to the ordinary reasonable [person], as the result of conduct to which the reasonable [person] would strongly object." Restatement (Second) of Torts § 652B, cmt. d (1977) (internal punctuation omitted).

Plaintiffs claim that there is no dispute about the nature and number of contacts Advanta/Fleet had with them over the twenty-eight month period or that they did not actually owe money to

Advanta/Fleet.  However, this cause of action requires that the defendant *intentionally* interfered or intruded in the plaintiffs' solitude and that an ordinary, *reasonable person* would object to the intrusion.  These are determinations that must be weighed by a jury, and under the facts presented, a reasonable jury could return a verdict in favor of Advanta/Fleet.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for partial summary judgment is **denied**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**