# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD J. KELLY and STELLA
KELLY,

      Plaintiffs,

      vs.                                                                                           No. CIV 02-250 LH/RHS

ADVANTA CORPORATION, *et al*.,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Cohen Defendants' Motion for Summary Judgment (Docket No. 68), filed January 23, 2003. The Court heard oral arguments on July 8, 2003 and took under advisement summary judgment on the New Mexico Unfair Practices Act claim.[1] Having considered the briefs of the parties, oral arguments, and otherwise being fully advised, the Court finds that the Cohen Defendants' motion for summary judgment on the New Mexico Unfair Practices Act is **well-taken** and should be **granted.**

The source of Plaintiffs' claim under the New Mexico Unfair Practices Act ("NMUPA"), §57-12-1 *et seq.*, is a collection letter sent by the Cohen Defendants ("Cohen letter" or "letter") at the direction of Fleet Credit Card Services. Plaintiffs claim that, in doing so, the Cohen Defendants

---

[1] The Court also took under advisement the Cohen Defendants' motion for attorney fees and costs under the FDCPA, §1692k(a)(3). Decision on this matter would require proof of facts not in the record. The Court, therefore, will defer ruling on this matter.

violated the NMUPA by engaging in unconscionable trade practices. In pertinent part, "unconscionable trade practice" is defined as "any act or practice...in the collection of debts which to a person's detriment takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree." N.M. Stat. Ann. §57-12-2(E)(1).

The Cohen Defendants argue that Plaintiffs' only contention relevant to Phillips and Cohen is that the signatory of the Cohen letter, Adam S. Cohen, was not licensed to practice law in the State of New Mexico and did not disclose this in the letter. They maintain that Plaintiffs have failed to establish any evidence showing how this failure to disclose took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree, considering the letter also contained the necessary disclosures required by the Fair Debt Collections Practices Act.

Plaintiffs respond that there is sufficient evidence to show that the Cohen letter contained false or misleading statements, knowingly made in the collection of the Kelly debt, made during the course of business, which may, tended to, or did deceive or mislead the Kellys. The letter contained false or misleading statements because it gave the false impression that Adam S. Cohen had reviewed Plaintiffs' file and wrote to them in his capacity as an attorney.[2] These are the elements for unfair or deceptive practices, under §57-12-2(D), which was not pled by Plaintiffs in their complaint.

**Applicable Law**

Summary judgment should be rendered forthwith "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2]The collection letter was sent by "Phillips and Cohen Associates, Ltd." and had a signature block that said: "Sincerely, Adam S. Cohen, Esq., Executive Vice President."

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

**Analysis**

As an initial matter, the Court must determine whether subsections D and E of §57-12-2 are sufficiently similar that Plaintiffs can plead under one and resist summary judgment using the elements of the other. The two subsections were discussed at length during the summary judgment hearing, and at that time the Court ruled that subsections D and E describe two different ways to violate the NMUPA for purposes of Defendant Asset Acceptance Corporation's motion for summary judgment. For example, while subsection D requires a false or misleading *statement*, subsection E could involve truthful statements (or conduct, for that matter) that do not mislead, but nevertheless take advantage of the lack of experience of a person to a grossly unfair degree. The two subsections describe different violations.

The Cohen Defendants moved for summary judgment based on Plaintiffs' complaint, which alleged unconscionable trade practice violation of the NMUPA, under subsection E. Plaintiffs have tried to resist summary judgment, both orally and in writing, by attempting to show that there is evidence meeting the elements of subsection D, unfair or deceptive trade practice. The Court will disregard this argument and evaluate only whether Plaintiffs have set forth sufficient evidence to establish that there is a genuine issue of material fact regarding the unconscionable trade practices claim.

Case law suggests that collections letters coming from attorneys, as opposed to collections agencies, should held to a higher standard of accuracy and scrutiny because a letter from an attorney

brings with it the implication that the creditor has sought the attorney's legal advice on that particular account and may be contemplating a lawsuit. *Cf. Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993) (analyzing a mass-produced collections letter "signed" by an attorney for violation of the FDCPA).

Plaintiffs have suggested that the presence of the three letters "Esq." after Adam S. Cohen's name implies that Mr. Cohen was involved in the debt collection as an attorney, and therefore that legal action is pending. Additionally, the Cohen Defendants have admitted that they have only pursued legal action against debtors in five instances in the past. Even properly argued, however, the Court could not accept as evidence the speculation that the presence of the "Esq." after Adam S. Cohen's name gives the letter the power to take advantage of the lack of knowledge, ability, experience or capacity of Plaintiffs to a grossly unfair degree, even under the "least sophisticated consumer" standard.[3]

The Cohen letter is what is known as a "validation letter" under the FDCPA. 15 U.S.C. §1692g. Debt collectors are required by law to notify the debtor that they have thirty days to dispute the validity of the debt, that, upon notification of a dispute, the debt collector will obtain verification of the debt from the creditor and that, upon request, the debt collector will provide the name and address of the original creditor. The debt collector is also required to identify himself and instruct the debtor that any information obtained will be used for the purpose of collecting the debt. Failure to include the §1692g language is a violation of the FDCPA.

---

[3]The "least sophisticated consumer" standard has been adopted by many jurisdictions to interpret whether representations by a debt collector are false, deceptive or misleading under the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692e. It has not been adopted by the courts of New Mexico in evaluating claims under the New Mexico Unfair Practices Act.

The §1692 language appears at the bottom half of the Cohen letter.  At the top of the letter is a payment coupon that lists the amount of the alleged debt and mailing information.  The remaining language in the Cohen letter is as follows:

Dear Richard J Kelly:

> Your account has been referred to our office for collection on behalf of the above referenced creditor.  To resolve this matter and prevent any further collection activity, full payment must be sent to this office at the address above.
>
> IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT ANY FURTHER!  IF YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT OUR OFFICE AT THE ABOVE TELEPHONE NUMBER.
>
> Sincerely,
>
> Adam S. Cohen, Esq.
> Executive Vice President

(Letter from Phillips and Cohen to Kelly of 9/14/00).

The Court finds, as a matter of law, that the language of this letter, taken as a whole, does not take advantage of the lack of knowledge or experience of even the least sophisticated consumer.[4]  In adhering to the requirements of the FDCPA, the letter is clear that the consumer has a right to contest the validity of the debt within thirty days.  It does not employ "overshadowing" language, threaten litigation, or even warn of potential damage to the debtor's credit rating.  It is simply a letter stating the debt Phillips & Cohen intended to collect and the rights of debtors under federal law.

---

[4] Even if the presence of the letters "Esq." implied that the letter was sent by an attorney, this is "blunted by the inclusion of the phrase, 'Executive Vice President' immediately below." *Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F. Supp.2d 251, 257 (E. D.N.Y. 2002) (analyzing the text of an identical letter under the least sophisticated consumer standard and ruling there was no violation of the FDCPA).  Similarly, the sentence: "This communication is from a debt collector," further removes doubt.

**IT IS, THEREFORE, ORDERED** that summary judgment is **granted** in favor of Defendants Phillips & Cohen and Adam S. Cohen on Plaintiffs' claims for violation of the New Mexico Unfair Practices Act.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**