IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RICHARD J. KELLY and STELLA KELLY,

      Plaintiffs,

      vs.           No. CIV 02-250 LH/RHS

ADVANTA CORPORATION, *et al*.,

      Defendants.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Defendant D. Scott Carruthers on the Fair Debt Collection Practices Act Claims and the New Mexico Unfair Practices Act Claims (Docket No. 134), filed April 28, 2003. The Court heard oral argument from Plaintiffs on July 8, 2003 and took Plaintiffs' motion under advisement. Having considered the briefs of the parties, oral arguments, and otherwise being fully advised, the Court finds that Plaintiffs' motion for partial summary judgment is **not well-taken** and should be **denied.**

Plaintiffs' claims against California attorney D. Scott Carruthers arise from a debt collection letter his law office sent over his signature on January 21, 2002. Carruthers was a debt collector for Asset Acceptance Corporation, which purchased the Kelly account from Fleet in a large portfolio of accounts.

**Applicable Law**

Summary judgment should be rendered forthwith "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As the movant and claimant, a plaintiff must not only show that there are no disputes of material fact, he must also establish factual support for each element of his claim in order to be entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986).

**Fair Debt Collection Practices Act Claim**

In their complaint, Plaintiffs attributed the following violations of the FDCPA to Mr. Carruthers in sending the collection letter to Plaintiffs: (1) Mr. Carruthers contacted Plaintiffs after it was already known that they were represented by an attorney, in violation of 15 U.S.C. §1692c(c); and (2) Carruthers charged plaintiffs for a debt and interest, which they did not owe, and failed to explain the nature of the interest charge of $3,818.34, in violation of §1692e.

In their motion for summary judgment against Mr. Carruthers, Plaintiffs have alleged FDCPA violations under the subsections of §1692e, but they are largely based on different factual predicates than initially alleged. For example, Plaintiffs move for summary judgment against Carruthers based on false statements or misrepresentations about the original source of the debt, the current owner of the debt, Carruthers' authorization to move forward with collections activities, and the extent of his involvement (or lack thereof), as an attorney, with reviewing the account and the notice that was sent out. None of these theories was pled in the complaint.

The only factual allegations common to the complaint and motion for summary judgment under FDCPA are that Carruthers made a false representation of the character, amount or legal status of the debt, in violation of §1692e(2)(A), when he stated Plaintiffs owed a debt and interest for which they were not responsible.  It would appear that such a false representation, absent proof of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error, 15 U.S.C. §1692k(c), would be a violation of the FDCPA.  However, Plaintiffs have set forth no independent facts in their motion to show they did not owe the debt in question.  It is not sufficient that no defendant in this case has denied that no debt was owed.  Without an independent factual basis to establish that the violation occurred, this Court cannot grant summary judgment to Plaintiffs.

**New Mexico Unfair Practices Act Claim**

For the reasons stated in the Court's Memorandum Opinion and Order (Docket No. 203), entered July, 15, 2003, which granted the Cohen Defendants' motion for summary judgment on the NMUPA claim, the Court must also deny Plaintiffs' motion for summary judgment.  In their motion, Plaintiffs attempt to establish that Mr. Carruthers violated subsection D of §57-12-2, "unfair or deceptive trade practices," but their complaint was pled as a violation of subsection E, "unconscionable trade practices."  This is improper because proof of the violation of subsection D does not necessarily establish a violation of subsection E.  While Plaintiffs have set forth some evidence that would tend to establish a violation of subsection D, they have utterly failed to establish that Carruthers' conduct in any way took advantage of their lack of knowledge, ability, experience or capacity to a grossly unfair degree, in violation of subsection E.  Plaintiffs' motion must, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for partial summary judgment against D. Scott Carruthers is **denied.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**